IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELINDA MACKAY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, a New York corporation; STEWART T. MATHESON, attorney at law; BAC HOME LOANS SERVICING, LP, a Texas limited partnership; THE BANK OF NEW YORK MELLON, a Delaware corporation; RECONTRUST COMPANY, N.A.; DOEs 1-5, unknown parties in interest,<br><br>Defendants. | **MEMORANDUM DECISION and ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:11-cv-00628-DN<br><br>Magistrate Judge David Nuffer |

This matter is before the magistrate judge on Defendants'[1] motion to dismiss for failure to state a claim (Defendants' Motion).[2] The parties consented that the magistrate judge exercise full jurisdiction in the case.[3] For the reasons discussed below, Defendants' Motion is GRANTED.

**Background**

Plaintiff obtained a loan from America's Wholesale Lender (AWL) on January 12, 2007, in the amount of $644,000.00 secured by residential real estate.[4] Mortgage Electronic

---

[1] Defendants include America's Wholesale Lender (AWL); Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP (BAC/BANA); The Bank of New York Mellon (Mellon); and ReconTrust Company, N.A. (ReconTrust). Mortgage Electronic Registration Systems, Inc. (MERS) was dismissed on Plaintiff's motion. Order on Plaintiff's Motion to Dismiss Claims against Defendant MERS, docket no. 21, filed August 12, 2011. Named defendant Stewart T. Matheson has apparently never been served.

[2] Docket no. 6, filed July 13, 2011.

[3] Docket no. 17, filed August 10, 2011.

[4] Complaint ¶ 11.

Registration Systems, Inc. (MERS) was the beneficiary under the deed of trust.[5] Plaintiff Mackaydefaulted in September 2010.[6] On February 8, 2011, MERS assigned its beneficial interest under the deed of trust to BAC Home Loans Servicing, LP (BAC/BANA);[7] BAC/BANA substituted ReconTrust Company, N.A. (ReconTrust) as trustee under the deed of trust;[8] and ReconTrust recorded a notice of default.[9] Plaintiff alleges the property was set to be sold on June 14, 2011,[10] but Defendants provided a Cancellation of Notice of Default which was recorded on June 9, 2011.[11]

## Discussion

The complaint has six causes of action:

(1) Declaratory judgment that ReconTrust has no "power of sale" in the State of Utah and that MERS is not a beneficiary and cannot assign and deed of trust;

(2) Breach of Good Faith and Fair Dealing against AWL and BAC;

(3) Negligence against ReconTrust, AWL, BAC, and MERS;

(4) Negligent Misrepresentation against AWL and BAC;

(5) Breach of Contract against AWL and BAC; and

(6) Mortgage Fraud against AWL and BAC.[12]

---

[5] *Id.* ¶ 15; Exhibit 1 to Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (Supporting Memorandum), docket no. 7, filed July 13, 2011.

[6] *Id.* ¶¶ 27-28.

[7] *Id.* ¶ 29; Exhibit 2 to Supporting Memorandum.

[8] *Id.* ¶ 30.

[9] *Id.* ¶ 32.

[10] *Id.* ¶ 33.

[11] Exhibit 5 to Supporting Memorandum.

[12] Memorandum in Opposition to Defendants' Motion to Dismiss (Opposing Memorandum) at 1-2, docket no 20, filed August 10, 2011.

## Standard of Review – Motion to Dismiss

The Tenth Circuit recently stated that to withstand a motion to dismiss under *Bell Atl. Corp. v. Twombly*[13] and *Ashcroft v. Iqbal*,[14] "a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."[15]  And while "a court must accept as true all of the allegations contained in a complaint" this rule "is inapplicable to legal conclusions."[16]  "[A] plaintiff must offer specific factual allegations to support each claim."[17]  And only "a plausible claim for relief survives a motion to dismiss."[18]  "[A] plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level."[19]  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]  "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[21]

## First Cause of Action – Declaratory Judgment

In the first cause of action,[22] Mackay challenged Defendants' ability to initiate foreclosure proceedings, but that issue is now moot as the Notice of Default has been cancelled.

---

[13] 550 U.S. 544 (2007).

[14] 556 U.S. 662 (2009).

[15] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(citations and quotations omitted).

[16] *Id.* (citations and quotations omitted).

[17] *Id.* (citations and quotations omitted).

[18] *Id.* (citations and quotations omitted).

[19] *Id.* (citations and quotations omitted).

[20] *Iqbal*, 129 S.Ct. at 1950.

[21] *Kansas Penn*, 656 F.3d at 1214.

[22] Complaint ¶¶ 34-38.

Further, ReconTrust states "it will no longer be conducting the foreclosure on this property."[23]

The first cause of action is moot.

### Second Cause of Action - Breach of Duty of Good Faith and Fair Dealing

In this cause of action, Mackay claims she relied on "various representations . . . in receiving and closing her loan."[24] She claims AWL failed to disclose

> that AWL paid Associated Mortgage (the broker) a higher yield spread premium rate, which resulted in Mackay unknowingly paying a higher rate ($13,685) to the broker for generating the loan;[25] and

> that it charged her an interest premium of an additional 1.34 percent per year.[26]

A duty of good faith and fair dealing arises in the course of *performance* of a contract, not in the *formation* of a contract.[27] Thus, these facts cannot form the basis of a claim for breach of the implied obligations of good faith and fair dealing. As Defendants suggest, this claim is factually "simply a restatement of [Mackay's] claims for negligent misrepresentation and fraud."[28] Those claims will be discussed below.

### Third Cause of Action - Negligence

The relevant assertion in Mackay's negligence claim is that AWL failed to "follow proper underwriting standards" and "failed to disclose all facts" to Mackay when closing the loan.[29] A claim for negligence must rest on a legal duty.[30] Plaintiff has provided no authority

---

[23] Defendants' Supplemental Memorandum in Support of Motion to Dismiss at 2, docket no. 23, filed December 1, 2011.

[24] Complaint ¶ 41.

[25] *Id.* ¶ 20.

[26] *Id.* ¶ 21.

[27] Restatement (Second) of Contracts § 205 cmt. c (1981).

[28] Supporting Memorandum at 13.

[29] *Id.* ¶ 46-47.

[30] *Palmer v. Oregon Short Line R. Co.,* 98 P. 689 (Utah 1908).

for her assertion that some unidentified underwriting standards create a legal duty. The factual allegation of non-disclosure will be discussed later.

## Fourth Cause of Action - Negligent Misrepresentation

The core of Mackay's allegations are in her claim for negligent misrepresentation.[31] As stated above, she alleges AWL represented to Mackay

> that she was receiving the best interest rate for which she qualified;[32] and
>
> that Mackay was told of all fees related to her loan.[33]

and that AWL failed to disclose

> that AWL paid Associated Mortgage (the broker) a higher yield spread premium rate, which resulted in Mackay unknowingly paying a higher rate ($13,685) to the broker for generating the loan;[34] and
>
> that it charged her an interest premium of an additional 1.34 percent per year.[35]

Mackay herself alleges that "[p]er the terms of the Note, Mackay would pay 7.25% interest on the $644,000.00 for 30 years."[36] She makes no allegation of any representation of different financial terms, and admits the critical terms were actually on the Note she signed. In her Opposing Memorandum she does not argue the substance of this claim, but only the statute of limitations issue.[37] "[I]n order to prevail on a claim of fraud [or misrepresentation], all the elements of fraud must be established by clear and convincing evidence."[38] There are nine

---

[31] Complaint ¶¶ 52-63.

[32] *Id.* ¶ 57.

[33] *Id.* ¶ 58.

[34] *Id.* ¶ 20.

[35] *Id.* ¶ 59.

[36] *Id.* ¶ 12.

[37] Opposing Memorandum at 8.

[38] *Kuhre v. Goodfellow*, 69 P.3d 286, 291(Utah App. 2003) (alterations in original) (quoting *Secor v. Knight,* 716 P.2d 790, 794 (Utah 1986).

elements of fraud in Utah.[39]  Further, "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[40]  Mackay's complaint is deficient under both these standards.

The statute of limitations applicable to a negligent misrepresentation claim is three years.[41]  MacKay closed this loan in January 2007 but filed this action in June 2011, over four and a half years later.  MacKay claims she has the benefit of the statutory excuse that "the cause of action does not accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake."[42]  As Defendants point out, "[P]laintiff's tolling argument fails because her allegations concern the terms of the loan itself," which are "clearly laid out in the loan documents."[43]

For all three reasons, the lack of substance; the failure to plead elements with particularity; and the time bar, this claim must be dismissed.

### Fifth Cause of Action - Breach of Contract

In her breach of contract claim,[44] Mackay recites the same facts as in her negligent misrepresentation claims, this time stating however that AWL "*breached its contact* [sic] when the interest rate AWL charged Plaintiff was materially more expensive than the rate for which Plaintiff qualified" and "when it omitted to inform her of the true amount Mackay was paying the broker."[45]  Her complaint alleges that "AWL/BAC and Plaintiff entered into a contract, to

---

[39] *Id.* at 291-92.

[40] Fed. R. Civ. P. 9(b).

[41] Utah Code Ann. §78B-2-305(3).

[42] Opposing Memorandum at 8 (quoting Utah Code Ann. § 78B-2-305(3)).

[43] Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint (Reply Memorandum) at 9, docket no. 22, filed August 29, 2011.

[44] Complaint ¶¶ 64-71.

[45] *Id.* ¶¶ 69-70 (emphasis added).

6

wit, the loan agreement."[46] However, she does not identify this agreement, provide a copy or cite to any term of the agreement. The single reference is all that is said in the complaint about this agreement. Without a contract, and a duty under the contract, there can be no breach of contract.

### Sixth Cause of Action - Mortgage Fraud

Mackay's sixth cause of action essentially repeats prior claims that AWL "knowingly made material misstatements, misrepresentations, or omissions during the mortgage lending process," and "received compensation in connection with the mortgage loan that was a direct result of the material misstatements, misrepresentations, or omissions . . . ."[47] There is no separate legal cause of action for "mortgage fraud." This cause of action suffers the same deficiencies as discussed above under the headings of actual substantive law that might support a claim.

### Plaintiff Fails to State a Claim Against Mellon

The complaint does not make any allegations against Mellon except to identify it:

> 5. Defendant The Bank of New York Mellon ("Bank of NY"), upon information and belief, is incorporated under the laws of the state of Delaware.[48]

Plaintiff claims that the following paragraph states a claim against Mellon:

> 35. Plaintiff requests that this Court issue declaratory judgment determining the rights, status, and legal relations of the parties to this action.[49]

Plaintiff's memorandum amplifies her concerns with Mellon.

> MERS lists the Bank of New York Mellon, N.A. ("Mellon") as the Plaintiff's note holder. Due to this information, Plaintiff is unsure whether Mellon may assert ownership over Plaintiffs loan. Plaintiff has been led to believe that BAC Home

---

[46] *Id.* ¶ 65.

[47] *Id.* ¶¶ 73-74.

[48] *Id.* ¶ 5.

[49] *Id.* ¶ 35.

> Loans Servicing, L.P. ("BAC") is the true owner of Plaintiffs loan. Due to this uncertainty, Plaintiff is unsure with whom to negotiate in order to avoid foreclosure, through means such as a loan modification. Additionally, not knowing who is the true noteholder has created uncertainty regarding who is entitled to receive Plaintiffs payments.[50]

However, none of this is stated in the complaint. Therefore, Plaintiff's complaint fails to state a claim against Mellon.

### Claims Against BAC/BANA

BAC/BANA is the assignee of AWL.[51] Other than the declaratory judgment claim (which is moot since no foreclosure is pending), BAC/BANA has taken no action against Mackay, and Mackay makes no allegations against BAC/BANA. BAC/BANA will be dismissed with the rest of the complaint.

### Claims Against Stewart Matheson

Mackay alleges Stewart Matheson was the original trustee of the deed of trust.[52] Other than this statement, Matheson or his actions are never mentioned in the complaint. Matheson has not been served. Matheson will be dismissed with the rest of the complaint.

### Lis Pendens

Mackay's lis pendens must be released if she cannot establish "by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice."[53] The dismissal of all claims in the complaint compels release of the lis pendens.

---

[50] Opposing Memorandum at 4.

[51] Complaint ¶ 29; Exhibit 2 to Supporting Memorandum.

[52] Complaint ¶ 15.

[53] Utah Code. Ann. §78B-6-1304(2)(b).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[54] is GRANTED.

Dated February 12, 2012.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[54] Docket no. 6, filed July 13, 2011.